**SO ORDERED.**

**SIGNED this 23 day of July, 2012.**

_____
**J. Rich Leonard
United States Bankruptcy Judge**

_____

UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF NORTH CAROLINA
RALEIGH DIVISION

IN RE:

GREENSHIELDS, INC.,

    DEBTOR.

CASE NO. 09-00366-8-JRL

CHAPTER 7

GREGORY B. CRAMPTON, Trustee,

    PLAINTIFF

v.

TRAVELERS PROPERTY CASUALTY
COMPANY OF AMERICA AND ST. PAUL
TRAVELERS COMPANIES, INC.,

    DEFENDANT.

ADVERSARY PROCEEDING
NO. 12-00026-8-JRL

**ORDER**

This matter came before the court on Travelers Property Casualty Company of America's and St. Paul Travelers Companies Inc.'s ("defendants") motion to dismiss the plaintiff's complaint, with prejudice, for the plaintiff's failure to file within the applicable statute of limitations period. A hearing was held on July 11, 2012 in Raleigh, North Carolina.

The debtor filed for voluntary relief under Chapter 7 of the Bankruptcy Code on January 16, 2009. On February 13, 2012, the plaintiff filed a complaint for breach of contract, for violation of the covenant of good faith and fair dealing, and for an unfair or deceptive trade practice. The defendants responded on April 16, 2012, with their motion to dismiss the case as time-barred by the statute of limitations. The plaintiff filed a response on May 7, 2012.

## JURISDICTION

This court has jurisdiction over the parties and the subject matter of this proceeding pursuant to 28 U.S.C. §§ 151, 157, and 1334, and the General Order of Reference entered by the United States District Court for the Eastern District of North Carolina on August 3, 1984.

## FACTS

The action arises out of a fire loss of the debtor's property that occurred on August 17, 2004. The defendants paid a total of $210,492.13 in insurance payments against the loss claim. After those payments, the parties could not agree on the total amount of the loss. As a result of the dispute, the defendants invoked the appraisal clause in the insurance agreement. As the appraisal clause required, each party selected an appraiser and the selected appraisers subsequently appointed the Honorable Robert Farmer, a retired North Carolina Superior Court Judge, to serve as umpire for the dispute. An appraisal was conducted and on November 30, 2005 an appraisal award of $854,000.00 for the debtor was issued.

The defendants disputed the appraisal award and refused to pay, claiming that they were entitled to a credit for the $210,492.13 they had previously paid. On September 18, 2007, Judge Farmer entered a "corrected award" that upheld the original $854,000.00 award and clarified that any previous payments were <u>not</u> to be applied to reduce that amount. The defendants disagreed

with the corrected award and continued to refuse making payments.

The debtor also concurrently filed a complaint in Wake County Superior Court on August 16, 2005, for a declaratory judgment against the defendants for the amount of the insurance claim. However, a dismissal without prejudice was granted due to inactivity on December 11, 2007.

## STANDARD OF REVIEW

The defendants move to dismiss all claims as being time-barred by the statute of limitations. "A statute of limitations can be the basis for dismissal on a Rule 12(b)(6) motion if the face of the complaint discloses that plaintiff's claim is so barred." Long v. Fink, 80 N.C. App. 482, 484, 342 S.E.2d 557, 559 (1986).

A pleading which states a claim for relief must contain "a short and plain statement of the claim showing that the pleader is entitled to relief. . . ." FED. R. CIV. P. 8(a)(2); FED R. BANKR. P. 7008. A statement showing entitlement to relief under Rule 8(a)(2) must include "enough facts to state a claim to relief that is plausible on its face." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570, 127 S. Ct. 1955, 1974 (2007). Under Rule 12(b)(6) of the Federal Rules of Civil Procedure, a party may move to dismiss a complaint for failure to state a claim upon which relief can be granted. FED R. CIV. P. 12(b)(6); FED. R. BANKR. P. 7012(b). In order to survive a motion to dismiss, a plaintiff must provide "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." Twombly, 550 U.S. at 555, 127 S. Ct. at 1965 (citing Papasan v. Allain, 478 U.S. 265, 286, 106 S. Ct. 2932, 2944 (1986)).

## DISCUSSION

### A. When Breach Occurred

The face of the complaint alleges two dates when significant breaches occurred: (1) November 30, 2005 and (2) September 18, 2007. Complaint ¶ 77. The defendants were in breach for failing to pay appraisal awards that were awarded on those dates. The defendants do not dispute that they failed to pay the awarded amounts that arose on the aforementioned dates.

### B. Statute Of Limitations

#### I. Breach of Contract and Violation of the Covenant of Good Faith and Fair Dealing

The plaintiff asserts claims for breach of contract and violation of the covenant of good faith and fair dealing. Complaint ¶¶ 78, 88. The statute of limitations for a breach of contract claim or any claim arising from a contractual breach is three years. N.C. GEN. STAT. § 1-52(1)(2012); Piles v. Allstate Ins. Co., 187 N.C. App. 399, 403, 653 S.E.2d 181, 185 (2007); BDM Invs. v. Lenhil, Inc., Case No. 11 CVS 449, 2012 NCBC 7, 2012 NCBC LEXIS 7, at ¶ 52 (N.C. Super. Ct. 2012).

The defendants claim that the breach occurred on November 30, 2005. Three years from that date would have made the action stale on November 30, 2008. Assuming that the breach date is considered to be the later refusal to pay the "corrected award" on September 18, 2007, an action on that breach would still have been stale on September 18, 2010. The complaint was not filed until February 13, 2012; therefore, a claim for breach using either of those dates would be stale.

#### II. Unfair and Deceptive Trade Practice

The plaintiff alleged a third claim for an unfair and deceptive trade practice. Complaint ¶

95. The plaintiff contends that the defendants failure to pay the appraisal award, refusal to respond promptly to communications arising under the policy, failure to proceed in good faith to equitably settle the claim, willfully delaying the settlement process, and several other behaviors were a violation of North Carolina's Fair Claims and Practices Act.  Complaint ¶¶ 91-94.  N.C. GEN. STAT. §58-63-15(11)(2012).  The plaintiff contends that the violation of the North Carolina Fair Claims and Practices Act is an unfair method of competition in or affecting commerce, and is an unfair and deceptive trade practice as defined by North Carolina General Statutes § 75-1.1.

The statute of limitations in North Carolina for unfair and deceptive trade practice claims is governed by North Carolina General Statutes §75-16.2.  It states, "[a]ny civil action brought under this Chapter to enforce the provisions thereof shall be barred unless commenced within four years after the cause of action accrues." N.C. GEN. STAT. §75-16.2 (2012).

As discussed above, the defendants claim that the breach occurred on November 30, 2005.  Four years from that date would have made the action stale on November 30, 2009.  Assuming that the breach date is considered to be the later refusal to pay the "corrected award" on September 18, 2007, an action on that breach would still have been stale on September 18, 2011.  The complaint was not filed until February 13, 2012; therefore, a claim would be stale using either date as the date of breach.

### C. Tolling

The plaintiff asserts that its claims are not stale because the parties entered into an agreement to toll all applicable statutes of limitation.  North Carolina recognizes the equitable tolling of statutes of limitations.  "Under the doctrine of equitable tolling, equity will deny a party's right to assert a technical defense, such as lapse of time, 'when delay has been induced

5

by acts, representations, or conduct, the repudiation of which would amount to a breach of good faith.'" Town of Pineville v. Atkinson/Dyer/Watson Architects, P.A., 114 N.C. App. 497, 500, 442 S.E.2d 73, 75 (1994) (citing Nowell v. Great Atlantic & Pacific Tea Co., 250 N.C. 575, 579, 108 S.E.2d 889, 891 (1959)).  "However, a plaintiff who seeks to obtain equitable tolling of a limitations period must show that the misrepresentations he reasonably relied upon were made by the party raising the defense . . . ."  Town of Pineville 114 N.C. App. at 500, 442 S.E. 2d at 75.

On the face of the plaintiff's complaint, there were no facts or claims regarding any agreement to toll the statute of limitations.  The plaintiff also did not include any exhibits with the complaint that made any mention of a tolling agreement among the parties.  Only in the plaintiff's response to the motion to dismiss did the first evidence of a tolling agreement arise.  The plaintiff included in his response a letter sent from the defendants' attorney on November 13, 2007 that stated:

> Also, this will confirm that during this period when we are attempting to resolve the issues, that both parties agree that the various contractual and/or statutory deadlines that may apply to the enforcement of challenge to the awards are hereby tolled and all parties retain all rights under the policy of insurance as well as the law of North Carolina to attempt to enforce the various awards and/or challenge the validity or propriety of the awards.

Plaintiff's Response Exhibit E.  No other information was submitted regarding this apparent tolling agreement.  The plaintiff claims that this letter serves as proof of a tolling agreement and as a result, the claims are not stale because the statutes of limitation have not run.

## **CONCLUSION**

The plaintiff failed to include any information on the face of its complaint that mentioned a tolling agreement that would have extended the applicable statutes of limitations for the three

claims brought by the plaintiff. While information contained in the response would indicate some agreement existed, the failure to include that information in the complaint itself means that it cannot be considered under the pleading standards set by Twombly.

As a result of the information contained on the face of the complaint, the plaintiff's claims have become stale and the defendants' motion to dismiss is **GRANTED**. However, the complaint is dismissed without prejudice to allow the plaintiff an opportunity to amend his complaint to include the underlying facts regarding the alleged tolling agreement.

**END OF DOCUMENT**